## Jonas Goodell v. Simon Labadie et al.

*Evidence: Exchange of Lands: Charge of the Court as to quality of Proof.* A deed offered to prove an exchange of lands, although not signed by the party whose title it was alleged had passed to the party who offered it, when supported by internal and other evidence, tending to show such an exchange, is admissible in evidence.

And the execution of such a deed having been proved by the grantor and by the officer who took the acknowledgment of it, and the Circuit Judge having been requested to charge that there was no evidence of any conveyance from the alleged grantor to the grantee, refused so to charge; *Held* correct.

*Heard July 9. Decided July 12.*

Error to Wayne Circuit.

This was an action of ejectment brought by Jonas Goodell v. Simon Labadie and others, who derive title from Alexis Labadie. Both parties claim under one Charles Reaulo; and the questions arising in the case in this court, are as to the effect of evidence introduced by the defendants to prove title from Reaulo to Alexis Labadie. The defendants claiming under an alleged deed, not recorded, and now lost, from Reaulo to Labadie, executed prior to the deed of Reaulo to Goodell, and of which Goodell had knowledge. The execution of the deed was proved by Reaulo the grantor, and by the officer who took the acknowledgment. The defendants also offered the record of a deed commencing,—"This indenture made, concluded and agreed upon this 12th day of May A. D. 1827 between Charles Reaulo and Maria his wife of the river Ecorse County of Wayne and Territory of Michigan of the one part, Alexis Labadie and Isabel his wife, of the place aforesaid, of the other part." The parcels purporting to be conveyed by this deed were a tract of land by Reaulo and wife to Labadie, including the premises in controversy and a tract by Labadie and wife to Reaulo, each described to be in exchange for the other. This deed was executed and acknowledged by Labadie and wife only. The officer before whom the deed was acknowledged, testified that he took

an acknowledgment of deeds between Reaulo and Labadie and their wives, and that it was a deed of exchange. The admission of this record in evidence was excepted to. The Circuit Judge was asked to charge the jury, that there was no evidence of any conveyance from Reaulo to Labadie, and refused; to which an exception was taken. A verdict was found for the defendants, and the judgment rendered thereon, was brought into this court by writ of error.

*Cleaveland Hunt*, for plaintiff in error.

*H. M. Cheever*, for defendant in error.

COOLEY CH. J.

It appears from this record that Goodell brought ejectment against the heirs of Alexis Labadie to recover possession of a part of private land claim 496 on the River Ecorse, which he claimed under a deed from Charles Reaulo. The defense was that Reaulo, previous to giving this deed, had conveyed the land in controversy to Alexis Labadie in exchange for a certain other parcel, and that this conveyance, though never recorded, and not now to be found had come to the possession of Goodell before he obtained a deed from Reaulo, and was consequently known to him at that time.

The first error of which the plaintiff complains was, that the Circuit Judge refused to charge the jury that there was no evidence in the case of a conveyance from Reaulo to Alexis Labadie. In this, however, the correctness of the Judge's action is too plain for argument. There was the positive evidence of Reaulo to its execution, as well as that of a magistrate who testified to having taken the acknowledgment; and there was also confirmatory evidence. The objection of the plaintiff goes rather to the correctness of the conclusion of the jury in giving credence to this evidence than to the charge of the Court.

19 MICH.—L.

The only other alleged error of which we can take notice, is that the Court admitted in evidence a certain deed from Alexis Labadie to Reaulo as tending to prove that Reaulo had conveyed the land in controversy in exchange. On looking into this deed it appears to have been drawn as if to be executed by Labadie and Reaulo both, and to operate as a mutual conveyance. It describes Labadie's land, and purports to convey it to Reaulo, it then describes the land in controversy, and contains the proper words for a conveyance of it by Reaulo to Labadie. Labadie and his wife alone executed the deed. Now, standing alone, this deed would be some evidence of an intention on the part of Labadie and Reaulo to exchange lands, but it would have, perhaps, but little, if any, tendency to prove the execution of a similar contemporaneous deed by Reaulo. It might well be argued to the jury that the fair inference was that this deed was prepared for execution by both parties, and that the transaction remained incomplete by a failure on the part of Reaulo to execute it. But in connection with the evidence of the magistrate that two deeds were executed, and with other evidence tending in the same direction, this deed was important and entitled to considerable weight. It was offered in connection with direct evidence of an agreement to exchange lands and it showed that one of the parties to the agreement had performed his part of it by making a conveyance; and manifestly this would have an important influence in support of evidence tending to show that the other party had done likewise.

The judgment must be affirmed with costs.

The other Justices concurred.